UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**MISTY NICOLE STUBBLEFIELD,**
**Individually and as Surviving Next of**
**Kin of DESTINEE CHEYANNE RHEA,**
**Deceased; KYNLEE PAIGE RHEA,**
**a minor, by next friend, MISTY NICOLE**
**STUBBLEFIELD; KAYLYN ELLYCE**     No. 4:23-CV-00028
**RHEA, a minor, by next friend, MISTY**     District Judge Varlan
**NICOLE STUBBLEFIELD; TALAEJAH**     Magistrate Judge Steger
**CONLEY, a minor, by next friend,**
**TERANCE CONLEY; and TERANCE**
**CONLEY Individually,**

         Plaintiffs,

v.

**FREDRICK BERNARD SIMPSON,**

         Defendant.

### ANSWER OF MOUNTAIN LAUREL ASSURANCE COMPANY

Comes now Mountain Laurel Assurance Company, through counsel, and for Answer to the Complaint heretofore filed against it would show:

### FIRST DEFENSE

1. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraphs 1, 2, 3, 4, and 5 of the Plaintiffs' Complaint.

2. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraphs 6, 7, 8, 9, 10 and 11 of the Plaintiffs' Complaint.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24 and 25 of the Plaintiff's Complaint.

4. The remaining allegations of the Complaint appear to be mere prayers for

relief to which no response is necessary except in general denial.

## SECOND DEFENSE

In responding to the Complaint, this Defendant reserves all of its rights expressed in Tenn. Code Ann. § 56-7-1201, *et seq.* and does not elect at this time to defend in its name or in the name of the allegedly uninsured/underinsured motorist, but expressly reserves the right to make the election at or prior to the hearing of this case as provided by statute. This Defendant does not answer in representation of the allegedly uninsured/underinsured named Defendant but expressly reserves the right to elect to defend in their name at the option of this Defendant.

## THIRD DEFENSE

In responding to the Complaint, this Defendant further expressly reserves the right to deny that Defendant Fredrick Bernard Simpson is an uninsured motorist under Tennessee law, and without acknowledging that it affords coverage for the claims allegedly set forth in the Complaint, expressly relies on all of its rights as provided by statute and as provided by the terms and conditions, including, but not limited to, offsets in the coverage limits in the contract of insurance purportedly sued upon. There is no admission of coverage herein and Plaintiffs must prove all elements of the claim for recovery of either uninsured or underinsured motorist benefits.

This Defendant further avers that said policy limits are properly offset by the amount of coverage or limits collectible under all liability and primary uninsured/underinsured motorist insurance policies, bonds, and securities applicable to the bodily injuries complained of by Plaintiffs in this action pursuant to Tenn. Code Ann. 56-7-1201(d).

## FOURTH DEFENSE

Pursuant to Tenn. Code Ann. § 24-5-113, this Defendant hereby gives notice of its intent to rebut any statutory presumption that may be relied on by Plaintiffs in this matter.

## FIFTH DEFENSE

This Defendant asserts any medical expenses sought by Plaintiffs as damages in this action be shown to have actually been incurred, be reasonable in amount, be for medical treatment made necessary by the accident and be based upon the actual expense incurred and the reasonable amount paid for such services in the marketplace.

## SIXTH DEFENSE

All allegations of the Complaint not heretofore admitted, denied, or otherwise explained are specifically denied as though set forth individually and separately denied.

**WHEREFORE,** having fully answered, this Defendant prays that it hence be dismissed with its costs. Failing dismissal, this Defendant requests it be granted a jury to decide all issues properly reserved for jury consideration. This Defendant requests all issues involving insurance and insurance coverage be considered out of the jury's presence. This Defendant requests it be granted such general relief as they may be entitled in these premises.

Respectfully submitted,

**FEENEY & MURRAY, P.C.**

**By:** */s/ John Thomas Feeney*
**John Thomas Feeney,** BPRN 11482
Attorneys for Mountain Laurel
Assurance Company
9019 Overlook Blvd. Suite D-4
Brentwood, Tennessee 37027
(615) 377-9000
*jtf@feeneymurray.com*

## CERTIFICATE OF SERVICE

I hereby certify that on **August 23, 2023**, a copy of the foregoing **Answer** has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

NATHAN E. SHELBY (BPR No. 026583)
ALLAN J. PARKER (BPR No. 037684)
*Attorneys for Defendant*
424 Church Street, Suite 2230
Nashville, TN 37219

David D. Hodge
Jasmine M. Matlock
MORRIS, KING & HODGE
200 Pratt Avenue
Huntsville, Alabama 35801

Raymond W. Fraley, Jr.
Johnny D. Hill, Jr.
FRALEY & HILL
205 East Market Street
Post Office Box 572
Fayetteville, Tennessee 37334

*/s/ John Thomas Feeney*